Case number 20-5669, Blake Cretacci v. Joe Call, et al. Oral argument not to exceed 15 minutes per side. Mr. Justice for the appellant. Good morning, your honors. Drew Justice for the plaintiff appellant, Blake Cretacci. I'll reserve three minutes. And may it please the court, I'm planning to focus on the issue that I assume was the main issue for which oral argument was even granted, which was the issue of the statute of limitations and more specifically, the prison mailbox rule. The prison mailbox rule applies undisputedly to prisoners who are pro se. And despite the rather convoluted facts in this case, that is what we have. Blake Cretacci was pro se at the time when he filed this lawsuit. The defendants have gone on what I'll call something of an unnecessary tangent because they basically address the bulk of their arguments refuting the idea that represented prisoners should be able to use the prison mailbox rule. Certainly, it would make my job even easier if the court were to reject their position and were to just extend the prison mailbox rule even to represented prisoners. So why was he not represented? He had a lawyer who tried to file his case, was unable to, and then I guess gave him the papers to file himself, but that doesn't count as representation. I would say it doesn't count as representation. And I'll get to that in just a second, your honor. I will say before we touch on that, certainly it would make my job even easier if the court were to extend the prison mailbox rule to unrepresented or to represented petitioners. And there are other circuits, namely the Fourth and Seventh, to do that. And I would submit it's something of a trend, it seems like, to eliminate the distinction because the federal rules of appellate procedure, namely Rule 4, does eliminate it. Well, if he's unrepresented, we don't have to get to that question, which I think you mentioned there's a deep circuit split over. You can use your time how you want, but I thought you were making a push for it. I agree. But what I'm just saying is primarily, you know, they're bringing that issue up, but primarily, I'm not even arguing for something that broad. I'm not really arguing primarily to eliminate the distinction. Primarily, I'm arguing he was pro se. And the reason he was pro se is because even though I had agreed to represent him, he signed the complaint in his own name, and he filed the complaint in his own name, and he handed it in himself. Now, Mr. Justice, this just seems like word games to me. Either he was represented at the time you prepared the complaint or he wasn't. It seems to me that he was. The fact that you couldn't file it, so you asked him to file it, doesn't change the fact that you had agreed to represent him. You had performed legal services. So, it's not one moment I'm represented, the next I'm not, the next I am. Explain to me, you say he was pro se. Well, that's the conclusion that we're probing here. All indications appear to be that he was represented and he was represented by you. Well, you say all indications make it appear that he was represented, but if we're going to start probing behind who signs, if we're going to go beyond the simple issue of who signs the complaint and who files the complaint, it makes this prison mailbox rule very difficult to apply. It makes it way more vague and ambiguous than it needs to be. Whereas, if we have this simple rule, which is who filed the complaint, who signed his name on it, does he have an attorney of record, then it makes the prison mailbox rule very easy to apply. Of course, it might make it easier, but it seems to be inconsistent with the entire purpose of the mailbox rule. Well, the thing is, I mean, the defendants have argued essentially that he was represented only because someone else drafted the complaint for him. But if you've got a complaint that's been drafted for you by someone who is not admitted to practice in court. Mr. Justice, you're playing word games here. At the time that the complaint was drafted, had you agreed to represent him? I had. Yes, sir. And did you, as a part of that, draft the complaint? Yes, sir. And did you try to file it? Yes. Yes, sir. And did you give him instructions when you were unable to file it as to how he could give it to the guard? Yes. So how on earth can you say that he wasn't represented? I guess I'm just not sure. I mean, if we're to say that merely having someone who's not licensed to practice in court makes you represented, then everyone who files a habeas corpus petition that's drafted by another inmate is not a pro se litigant because they've got some jailhouse lawyer representing them. Every single example you give is when somebody is assisted by somebody else who is also in custody. Were you in custody during any part of this? No, I was not. Were you licensed as a lawyer? I was licensed in the state courts, but I was not admitted to practice in these courts. All right. And have you found any case where it turns on whether somebody was admitted to practice in a particular court as opposed to having a bar card? Honestly, I don't think I've found any case where someone was deemed to be represented where they turned it into the prison authorities themselves and didn't have an attorney of record. I think it would be new ground for this court to start probing behind who signed the complaint. So the answer is no, I don't think I do have a case like that, but I also don't have any case saying the opposite. How do we determine the representation question? I see a lot of appeal to your Brightline test, but assuming we don't adopt that, is it a state law question? I'm sorry, you bring up the issue of state law. Under Tennessee law, which arguably should sort of narrow our review here, under Tennessee law, it specifically allows for tolling based on papers that are filed which are prepared on behalf of a pro se litigant. And that's from Tennessee Civil Procedure 5.06. Would Tennessee Civil Procedure law apply? I mean, Tennessee Civil Procedure law wouldn't apply in a federal procedure. Under Moore v. Fields, Ed Hardin v. Stroud, both of which are in my table of authorities, the federal courts have said that state tolling rules, I would assume like that, would apply in federal court in a federal civil rights case. So I would say that yes. I assume those are more substantive tolling rules about statute of limitations or something, but I'm not sure, but I'll look at that. But it just seems under state law, under state law, the Tennessee law I looked at, at least, had a pretty broad definition of representation. And I think maybe to add to Judge McKee's impressive questioning, I think all the examples you give are people represented by, a lot of times, are inmates who are not actually lawyers, not even don't have a law degree, let alone whether they're admitted to any court. Well, I mean, if you've got a lawyer, but he's not admitted to practice in court, how is he a lawyer? And so, I mean, I guess you could say... I think he'd be practicing law without a license. Is that what you're arguing? Well, in a sense, I guess you could say that. Yes, sir. But, I mean, if we're going to draw the distinction, I mean, if he's not a lawyer, the only intelligent distinction I can think of is the one that Judge McKee, I guess, mentioned, which is, you asked, was the person who assisted him in jail, which I wasn't, but I just, that seems like a sort of a strange, just arbitrary distinction to draw, I would say. And again, the Tennessee rules don't make that distinction. They specifically anticipate that you can be pro se, but still have someone else writing your papers to help you file it. And so, I mean, what if you got someone, what if I hadn't agreed to represent him, but I had just said, I'll help you out and draw this complaint up for you. And then I'd given it to him to file the prison mailbox rule. Would they then say the prison mailbox rule doesn't apply because he had a non-incarcerated lawyer who helped him write it? It just makes things very vague. It makes, it would make, it would just make judges jobless. I agree. I am fairly sympathetic to your points that this is a really hard rule to enforce because there's all kinds of hypotheticals that one could come up with about whether someone's represented. But on the merits, you know, I have some concern. You're asking us to draft a rule out of whole cloth, essentially. I mean, the rules committee has adopted a special rule for notices of appeal. For inmates. No special rule adopted by any rulemaking body. And so, you're asking us just to make up this rule, I guess, out of equity and concerns for incarcerated individuals to arguably rewrite the federal rules. Your Honor, I don't have the case in front of me, the exact name of it, but I know it's cited in my brief, which is that the Sixth Circuit does apply the prison mailbox rule to pro se litigants who are in civil cases. The Sixth Circuit has held that, and that's an extension of Houston v. Black, which is a Supreme Court case. Correct. But if we found your client was represented? I guess if we find it was represented, then it would just be, it would sort of be a modification or extension of the rule. I guess so. Extension of a court-made rule you want us to extend again? Um, no. I mean, the case cited is a court-made rule, extension of a rule that was actually implemented by the rules commission. I don't believe it. It's more of a common law rule, I would say, that's based off of Houston v. Black. And so, I don't know if there is an actual rule under the federal rules. There is, as I've cited under the state rules about this. But under the federal rules, I don't think there's a rule to extend. It's just sort of a common law principle that the Supreme Court came out with. I guess there's an anxiety about judges just continually creating common law rules to apply to different situations. When we have a rules committee that does that sort of thing, it has actually done it in the context of appeals, but has not done it here. Right. Well, and I don't know why they did it for appeals, but not here. But I will just say, under the Supreme Court's principle, as enunciated in Houston v. Black, they really emphasize not who has drafted the complaint or what the inmate's source of legal knowledge is or who has helped him. What they specifically emphasize is the inmate's personal lack of mobility. People outside the jail, they can physically walk or drive over to the courthouse and hand deliver something. Mr. Justice, you've got to go on to read the rest of that paragraph, which says, nor do they have lawyers who can take these precautions for them. He had a lawyer. One that apparently didn't do a very good job here because he didn't understand where the prison was located and hadn't gotten admitted to practice, but he had a lawyer. Well, I guess, ultimately, if the court wants to say that someone has a lawyer that's not represented to practice, then the court can make its own judgment up on that. My time is out, but I would just say that the prison mailbox rule should apply here, and I'll come back in for both. Thank you. Okay, thank you, Mr. Justice. Mr. Townsend? Thank you, Your Honor. Mr. Krotaci was not pro se. He was represented by a lawyer. He had a lawyer who could do all of the things which are hallmarks of representation and which are the rationale for the prison mailbox rule not applying to represented prisoners. He had a lawyer who was free to travel about the state and file in different locales. He had a lawyer who was licensed to practice in the state of Tennessee. He was not licensed in the particular district in which this lawsuit needed to be filed, but he had the ability to determine what was the proper venue well in advance of a filing date. It simply is beyond question that Mr. Krotaci was represented by an attorney, an attorney licensed to practice in Tennessee. The entire rationale of Houston v. Lack is, as pointed out by the court, that prisoners do not have all of the access to the courts that lawyers have. This lawyer had access to all of the courts. He could have had access to the Winchester Division of the Eastern District had he chosen to do so. He could have even filed the lawsuit in the wrong district. He could have filed a lawsuit in the Middle District of Tennessee where he is and was admitted to practice, and that was his plan initially. All of this is established beyond doubt, beyond contradiction in the record. Can I ask you a quick hypothetical? Suppose when the lawyer comes to the inmate and says, I was going to file this, but it turns out I had the wrong information about the court, and so I can't technically do it, but you can do it. If the client then says to the lawyer, to paraphrase someone, you're fired, is that individual now no longer represented? Would they get the benefit of the mailbox rule at that point? That is an interesting hypothetical, and it's one which I thought about, and I don't have the answer to that question. We don't have existing case law, but I would say, again, that the rationale of Houston v. Lack would not apply in that situation because up until that very instant where the client says, you're fired, the client was represented, and that would rather, obviously, be a pretext for a claim that an individual was pro se. The problem I have with this representation versus non-representation is it just gives rise to so many strange fact patterns. We have one here where the lawyer was not admitted to practice in the court where he needed to file, and one can make a good faith argument. That is precisely the point that I was just about to roll into. Statutes of limitations have very real purposes. They are designed to, among other things, to allow potential defendants to know when a time has run for claims to be made against them. They are designed to allow courts to define with specificity what deadlines are. Now, the Supreme Court has decided that it is appropriate in cases of pro se prisoners for certain deadlines. In the case of Houston v. Lack, it's just a notice of appeal deadline. But that it is appropriate for deadlines to be modified in certain circumstances for prisoners. So we already, the Supreme Court already, has chosen to apply one layer of uncertainty to what is a matter of certainty. A statute of limitations. The Supreme Court has said, in this case, we will extend the statute of limitations. We have created a somewhat gray area. Respectfully, it is not for this court to go further and say we're going to overlay yet another area of uncertainty. And that uncertainty arises from the question of when is a prisoner represented or when is a prisoner pro se. If it is obvious from the facts in question that a lawyer is representing a prisoner, then the rationale of Houston v. Lack simply says the mailbox rule does not apply. That's what we have here. We have a clear situation in which the prison mailbox rule should not apply under the rationale of Houston v. Lack. And if this court should carve out an exception for a situation where a prisoner is represented by a lawyer and then the lawyer says, well, I don't represent you any longer, and then says, well, I do represent you again, we simply have more and more uncertainty overlaid on an area of law, which is supposed to be defined by certainty. That's simply where we are. Wouldn't the easiest way to do this to say that just an inmate, represented or not, can take advantage of the mailbox rule for an initial complaint? And then you don't get to this question about whether they were represented or what the facts that are. You let them file the complaint. Yes, that would be a simple resolution. Respectfully, it would also be a resolution which is completely inconsistent with the rationale of Houston v. Lack. If the court looks to the language of Houston v. Lack, which I'm sure that it has, the linchpin or the underlying foundation for the exception is that prisoners do not have the mobility, do not have the access, do not have the opportunity that lawyers have. So if we want to extend the prison mailbox rule to situations where prisoners are represented by counsel, respectfully, I believe that it would be up to the Supreme Court to make that decision. Well, the Rules Committee changed FRAP 4, right? Federal Rule 4. Yes. You just say if it's a notice of appeal and you're an inmate, you can take advantage of the mailbox rule, I think. And the rule doesn't expressly say it turns on whether you're represented or not. So I guess we've carved out that territory. Irrespective of whether someone is represented, why wouldn't the same logic just apply here? If the same logic would apply, then I suggest it would be up to the Rules Commission to apply that logic. I disagree with the logic. It has been applied by the Rules Commission in that set of circumstances. There's no indication that there's been any consideration to applying it to a filing of complaints in a statute of limitations. There would also be, respectfully, I can see that this thought just popped into my mind, but there is a difference between the Rules Commission adopting federal rules of appellate procedure, procedural rules to govern us in federal court, and the application of state law, which is the statute of limitations. That is to say, in 1983 actions, state law on statute of limitations applies. So it might be that that could be, if this court were to decide to overlay the prison mailbox rule on cases where prisoners are represented, that might very well be an intrusion into an area which is properly reserved for state substance law. Just a thought. I have points to make with respect to the balance of the complaint and the court's dismissal of the balance of the complaint, but I'll yield unless the court has specific questions on any of those elements. Any additional questions from the panel? No. Well, great, Mr. Townsend. We appreciate your argument, and we'll go back to Mr. Justice to extend for your three-minute rebuttal. The remaining sentence in the Houston v. Lack opinion that Your Honor, Judge McKee was referring to, it says pro se prisoners cannot take any of these precautions, precautions regarding their mobility. It says, nor by definition do they have lawyers who can take these precautions for them. In this particular case, Furtachi, in effect, did not have a lawyer who could take these precautions for them because a lawyer was by law forbidden to sign and file his complaint. Not only that, but he was by law prohibited from using the electronic filing system. I would say that all of the justifications listed in Houston v. Lack do apply here and do justify applying the prison mailbox rule. That's even before you get to the, I would say, arguably more extensive state law level. Mr. Justice, just out of curiosity, I don't think the case turns on this, but I'm just curious about this. Could you have filed this and used CMECF and accompanied the filing of the complaint with your motion for admission to that district? Is there something that says you can't use CMECF? I mean, it's not like it blocks you unless you have already both initiated and completed that task. It does block you because I just didn't even have a password for that district. Each district has a different password and username, at least it did at that point. I didn't even have electronic access at all. The opposing counsel did mention that I could have maybe filed it in the wrong district. I don't know if he meant filing it on purpose in the wrong district. To be honest, I did consider doing that, but I thought that would be unethical. It seems like that would violate Rule 11 to intentionally say that you're filing it in the right district when you know that you're not. Anyway, I considered that, but I didn't do that. It's just hard for me to believe, and so correct me if I'm wrong about that particular district. It's just hard for me to believe that you couldn't have filed it and accompanied the filing with your request. But you're saying you didn't have any... You didn't have the electronic ability to do it and you didn't have time to do it because you went to the wrong place first. I went to the wrong place first, and also I didn't even know all the hoops that you had to jump through. I started working on that that day, but you had to get a certificate from another district where you were already admitted. I couldn't get that done, and then again they had hidden where the courthouse was, so I went to the wrong courthouse. So there were a lot of problems logistically. And finally I will just say on this issue of certainty if we want to have certainty, which is the rule that opposing counsel has emphasized, I would just say that the rule should be either that the mailbox rule applies whether you're represented or not or that it should just be if the inmate has signed the complaint or not. Those are the things we should look at and those will provide certainty in terms of applying the statute of limitations. Great. Thank you both for your arguments. The case will be submitted.